JONES et al. v. F. A. HARDY & CO.

(Circuit Court, N. D. Illinois, E. D. June 25, 1908.)

No. 27,606.

PATENTS—INFRINGEMENT—EYEGLASSES. · .
    The Finch patent, No. 666,928, for eyeglasses, construed, and *held* not infringed.

In Equity. On final hearing.

H. P. Doolittle and Coburn & McRoberts, for complainants.
L. M. Hopkins, for defendant.

KOHLSAAT, Circuit Judge. This cause was instituted to enjoin defendant from infringing patent No. 666,928, granted to R. B. Finch January 29, 1901, for improvements in eyeglasses, and is now before the court on final hearing. The single claim of the patent, as finally allowed, reads as follows, viz.:

"In eyeglasses the combination with the eyeglass frame or lens-mountings, of a bridge having bends at the extremities of its bow portion, said bends being substantially perpendicular to the plane of the lenses, and projections extending forwardly from the bends to the frame or lens-mountings; and spring-held lever-arms extending across the bridge, and suitably fulcrumed on the frame or mountings, their inner extremities or nose-pieces being normally spring-pressed toward the bow of the bridge whereby there is co-operative gripping action between the nose-pieces of the lever-arms and the bow of the bridge, in a plane substantially perpendicular to that of the lenses."

The saddle-bridge of the patent in suit is rigid, and consists of the bow, bends at each end in a direction perpendicular to the plane of the lenses, and extensions or forward projections continuing from the bends on which the lenses and guards carrying gripping pads are mounted.

As originally presented, the application called for six claims, all of which were rejected by the examiner. Thereupon claims 4, 5, and 6 were abandoned, and claims 1, 2, and 3 amended, refiled, and again rejected. Thereupon applicant erased all the claims and filed two substitute claims, both of which were rejected also. Applicant again erased his claims and substituted two other claims, both of which were rejected by the examiner with the suggestion that:

"Co-operative action between the bridge and nose-pieces in a plane substantially perpendicular to the plane of the eyeglasses is necessary."

In endeavoring to meet this suggestion, the last-named two claims were erased, and two new claims substituted. These were also rejected, as differing only in specification of function, and, following a further suggestion of the examiner, the claim as it now stands was substituted for the two last rejected, and allowed.

Some point is made by defendant that no new oath or specification was presented. It would seem that the fact that the original specifications are available indicates a retention of the substance of the original alleged patentable matter, to make it unnecessary that a new oath be taken as well as to in a way meet the claim of defendant that

the invention was that of the examiner, rather than that of the applicant, although the parentage of the inventive idea seems to have been somewhat in suspense at times. "It is suggested," says the examiner, "that the claims be amended to state that the bridge is bent in a plane perpendicular to that of the lenses, and that the lever-arms extend across the bridge and are pressed by their springs towards the bridge thereof, causing the gripping action between the bridge and the nose-pieces in a plane substantially perpendicular to that of the lenses." The advice seems to have been followed. This was apparently deemed necessary by the examiner, in order to escape the references of record and the charge of aggregation. As finally allowed, the patent in suit, it is claimed, differs from the prior art cited to the examiner mainly in the alleged "co-operative gripping action between the bridge and the nose-pieces," to quote complainants' solicitor. Brief, p. 15. The patentee had in mind the production of an eyeglass which should be readily adjustable with one hand, and at the same time grip the nose firmly. He took the well-known so-called saddle-bridge from the spectacle art, removed the temple pieces, and combined the bridge with spring-held lever-arms mounted on the frame and extending across the bridge; their extremities being spring pressed toward the bow of the bridge, thereby claiming to cause a gripping of the nose.

It was not new to adapt the saddle-bridge to eyeglasses. Cloutier patent, No. 598,908, granted February 15, 1898, calls for its use in connection with spectacles and eyeglasses, and also discloses the post, similar to that upon which Finch mounts his spring-driven gripping arms. Nor was it new to provide eyeglasses with spring-gripping arms. Cottet was granted a patent for a "pince nez," May 26, 1896, and numbered 560,895, in which the so-called c. bridge is placed in combination with spring or lever pressed plaquettes or guards, which are made to grip the nose in the same fashion as those of the patent in suit. In the original applications, Finch evidently contemplated the use of lever-guards having small, single pads, as distinguished from pads having long bearing surfaces. This feature remains in his drawings and specifications, and is emphasized in his argument before the examiner. The claim is somewhat obscure as to this feature. As actually mounted, commercially the guards have two bearing pads or small discs which are to all intents and purposes the equivalents of the Cottet guards or bearing pads. The Finch drawings show a bearing upon the nose practically in a line parallel with the eyes, while in the record and briefs it is insisted that the skin of the nose is, by the gripping action of the guards, forced into the opening between the nose and the bow, so that the glasses, while resting thereon, are firmly gripped by the pads. The single pads would not have a tendency to force into a bunch the skin of the nose. It will be borne in mind that the functional description of the claims in suit adds nothing to the patentable features of the device. The device of Norton patent, No. 622,779, granted April 11, 1899, discloses an eyeglass greatly resembling that in suit. It is not clear, however, that the bridge in use is a saddle-bridge, nor is the guard mounted on a projection

extending at right angles to the plane of the lenses, but rather in the same plane. Claim 1, however, calls for a "spectacle-bridge," and claim 2 for "a bridge-piece adapted to rest upon the wearer's nose and bent at each end beyond its points of attachment to the lens to form standards, and spring actuated clamping devices," etc. If the long pads are the equivalent of the two gripping discs on each of complainants' guards, as now constructed, the difference between the two devices is very narrow.

Many other patents are introduced in evidence, bearing more or less closely upon the matter under consideration. Those cited are all that it is deemed necessary to mention. There is no doubt as to infringement. Defendant has taken the Finch patent as allowed and added the long pad, or rather the two pads on each spring guard, practically identical with complainants' present mounting.

This, as above stated, is not the bridge and mounting of the patent. The long guard with its gripping pads is an essential feature of defendant's device. Whether or not there is novelty in the patent in suit is not here determined. Defendant has not appropriated the device therein shown, and is held not to be an infringer.

The suit is dismissed for want of equity.